Dear Mr. Wooden:
We received your request for an opinion. You inquire as to the application of the amendment to Article 7, Section 18 of the Louisiana Constitution. Specifically, you inquire as to the implementation of subsection (G)(1), which pertains to the special assessment level. A special assessment level is for residential property which is owned by someone 65 years of age or older and who has a gross income of $50,000 or less. Essentially, this special assessment provides that the assessment of such property will not be increased as long as the property and owner qualify for it.
Please note that this amendment went into effect on January 1, 2000. As such, January 1, 2000 is the date to be used in valuing the property. That is, this special assessment level pertains to the value of the property at hand as of January 1, 2000. Also, an applicant must be 65 years or older as of January 1, 2000 to qualify for the special assessment. Thus, it is our opinion that the date of valuation for the property is January 1, 2000, and an applicant, to be eligible for the special assessment, must be 65 years or older as of January 1, 2000.
You also question whether or not this special assessment applies to land included in the homestead exemption. The special assessment applies to residential property which receives the homestead exemption. Article 7, Section 20 of the Louisiana Constitution defines a bona fide homestead as a residence with no more than 160 acres of land. Accordingly, if the property fits within the definition of homestead as defined in the Constitution, and all other requirements are met, the property may qualify for the special assessment level. The meaning of "homestead" is the same for this special assessment level as it is for any other assessment.
You also inquire as to the type of proof, if any, that is required of age and income for the applicants. Article 7, Section 18(G)(1)(a)(iii) of the Constitution provides that an eligible owner shall annually apply for this special assessment by filing a signed application establishing that he or she qualifies for the special assessment and subsection (a)(ii) provides for the requisite income level to qualify. It refers to the adjusted gross income as reported in the applicant's federal tax return for the year prior to the application. Although there is no specific requirement that any documentation be attached to the application, it is our opinion and recommendation that each applicant provide some sort of documentation of age (i.e., a copy of his or her driver's license or birth certificate) and income (i.e., a copy of the prior year's federal tax return).
You also ask if the value of the property refers only to the improvements or to the improvements and the land. It is our opinion that the value refers to the total value of land and improvements. Again, because the special assessment applies to residential property which receives the homestead exemption, we must look to the definition of "homestead" in the Constitution. "Homestead" is a residence with no more than 160 acres of land and includes all buildings and appurtenances. Thus, the "value"of the property refers to the land and improvements.
You last inquire as to the application of this special assessment level to a surviving spouse of an owner who is 55 years old. Subsection (2)(a) specifically provides that the special assessment level shall remain on the property as long as the owner, or the owner's surviving spouse who is 55 years of age or older, remains eligible for and applies annually for the special assessment. It is our opinion that this does not mean that a surviving spouse who is 55 years old as of January 1, 2000 may apply for and receive the special assessment. The amendment reads that the special assessment shall remain on the property. This implies that the property already qualified for and received the assessment. Thus, a surviving spouse who is 55 years or older may continue to enjoy the special assessment, once the property has qualified for it and the surviving spouse remains income eligible, and applies annually for the special assessment.
We hope this assists in your application of the amendment. If you have additional questions or comments, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: TINA VICARI GRANT Assistant Attorney General
RPI:TVG:jv
Mr. Michael Wooden, CLA Assessor, Morehouse Parish P.O. Box 1177 Bastrop, Louisiana 71221-1177
DATE RECEIVED: DATE RELEASED: March 3, 2000
TINA VICARI GRANT, ASSISTANT ATTORNEY GENERAL
Mr. Michael Wooden, CLA Assessor, Morehouse Parish P.O. Box 1177 Bastrop, Louisiana 71221-1177